# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

September 11, 2023

**UNDER SEAL ON ECF & ELECTRONIC MAIL**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Antony Abreu,* 22 Cr. 208 (CBA)

Your Honor:

      Defendant Antony Abreu ("Mr. Abreu") writes in response to the Court's request for counsel to indicate whether it intends to cross-examine certain police witnesses on background issues raised in the government's September 1, 2023 disclosure and motion to preclude the defendants from eliciting testimony about *Giglio* materials. The government seeks preclusion of administrative findings and civil lawsuits for eight law enforcement officers. Of the eight officers referenced by the government, Mr. Abreu *may* seek to cross-examine two of the witnesses about prior misconduct related to the witnesses' character for truthfulness – Detective Jeffrey Lehn, who will testify about the identification of the getaway vehicle, and Detective Lyheem Oliver, who collected surveillance video at the location of the murder.

      The admissibility of evidence at trial is governed by the Federal Rules of Evidence. Fed. R. Evid. 402 provides that all relevant evidence is admissible except as otherwise provided by the Constitution, Act of Congress, or applicable rule. The court may allow inquiries into "specific instances" of misconduct where it is probative of the witness's character for truthfulness. Fed. R. Evid. 608(b); *United States v. Cruz,* 894 F.2d 41, 43 (2d Cir. 1990); *United States v. Williams*, 605 Fed. Appx. 45, 46 (2d Cir. 2015) (summary order); *Jean-Laurent v. Wilkinson,* No. 05-CV-583 (VM), 2009 WL 666832, at *3 (S.D.N.Y. Mar. 13, 2009).

      Fed. R. Evid. 608(b) provides that during cross-examination, the court may permit inquiry into "specific instances of a witness's conduct ... if they are probative of the character for truthfulness or untruthfulness." *United States v. Laster,* S1 06 Cr. 1064(JFK), 2007 WL 2872678, at *2 (S.D.N.Y. Sept. 28, 2007) (citing *United States v. Wilkerson,* 361 F.3d 717, 734 (2d Cir. 2004)). Wide latitude should be allowed when a government witness in a criminal case is being cross-examined by the defendant. *See United States v. Weiss,* 930 F.2d 185, 197 (2d Cir. 1991); *United States v. Masino,* 275 F.2d 129, 132 (2d Cir. 1960). Cross-examination is permitted "within the scope of the direct examination, Fed. R. Evid. 611, and as to issues relating

The Honorable Carol B. Amon  *United States v. Abreu,* 22 Cr. 208 (CBA)
September 11, 2023

to credibility." *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 110 (2d Cir. 2012) (citing Fed. R. Evid. 607, 608(b)).

The government cites ten civil lawsuits in which Detective Lehn was a named defendant and five civil lawsuits in which Detective Oliver was a named defendant. Most of the lawsuits were settled by the City of New York and the two officers. A number of the lawsuits include allegations of false arrest and malicious prosecution – claiming false allegations in initiating the criminal proceedings and prosecuting the plaintiffs. For example, Det. Lehn was a named defendant in *Luis Castro v. The City of New York, P.O. Jeffrey F. Lehn, et al.*, 11-cv-0290 (E.D.N.Y.), which Det. Lehn and his lawyers settled for $42,500. *Id.* at Dkt. No. 11. Det. Lehn was accused of repeatedly punching the plaintiff in the face and falsely arresting him, but we are attempting to confirm the extent that Det. Lehn falsified NYPD records and provided false information to the District Attorney's office, a grand jury or at trial. *Id.* at Dkt. No. 1. This is just one of the cases against Detective Lehn.

With the Court's permission, we will update the Court as soon as we complete our investigation into the circumstances giving rise to the lawsuits – to be better able to determine the extent that the cases bear on the two law enforcement officers' credibility. Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

*Susan G. Kellman*

Susan G. Kellman
Eylan Schulman

cc: All Counsel