

Meister Seelig & Fein PLLC

Henry E. Mazurek
*Partner*
Direct (212) 655-3594
Fax (646) 682-9222
hem@msf-law.com

September 13, 2023

Hon. Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Allen Yu, et al. (Zhe Zhang)* 22-cr-208 (CBA)

Dear Judge Amon:

We represent defendant Zhe Zhang in the above-referenced matter and write in response to the government's letter of today (ECF Doc. 227). We respectfully disagree with the government's conclusion that by "no longer seek[ing] to introduce cell-site location evidence ['CSLI']" for Mr. Zhang's phone, obtained from the May 3, 2021 CSLI Warrant (*Id.*), Mr. Zhang's motion to suppress is moot. Here, the government ignores two important issues: first, the "fruits" of the May 3, 2021 search warrant were used in two subsequent search warrants for which Mr. Zhang has standing to suppress, and the fruit of these later warrants "has been come at by exploitation of th[e] illegality," *Wong Sun v. United States,* 371 U.S. 471, 488 (1963), challenged in the May 3, 2021 CSLI Warrant; and second, if the Court were to suppress evidence based on intentional or reckless Fourth Amendment violations under *Franks v. Delaware,* 438 U.S. 154 (1978), this Court would be bound to evaluate the subsequent warrants without any reliance on good faith, because it would be inconsistent and inappropriate to extend a good faith exception to such a situation. *See United States v. Reilly,* 76 F.3d 1271 (2d Cir. 1996) (holding that *Leon* should not insulate prior illegal searches that form the basis of a subsequent warrant; "[p]olice officers cannot launder their prior unconstitutional behavior by presenting the fruits of it to a magistrate") (quoting *State v. Hicks,* 707 P.2d 331, 333 (Ariz. Ct. App. 1985), *aff'd on other grounds sub nom., Arizona v. Hicks,* 480 U.S. 321 (1987)).

In this case, the government has not stipulated that it will withdraw its application to seek to introduce "fruits" obtained pursuant to the Zhang Instagram Warrant (March 2022, YU2380) and the Zhang Premises Warrant (May 9, 2022, YU2523), reproduced at ECF Doc. 89 (Exs. B and E). If it did, we would agree that the Zhang motion to suppress would then properly be deemed moot. Absent this, however, the Court should proceed to rule on the pending motion.

Hon. Carol B. Amon
September 13, 2023
Page 2 of 3

The government relied in each application for the Zhang Instagram Warrant and Premises Warrant on the "fruit" of the May 3, 2021 CSLI Warrant.

In the Instagram Warrant, the application relied on the CSLI records obtained from the earlier illegal search to corroborate the reliability of CW-1's information related to the events of the night of the homicide (*see* ECF Doc. 89, Ex. E, p. 6, n. 3). It also continued to mislead the magistrate by omitting the most crucial and material part of ▮▮▮▮▮▮ information that CW-1 confided in him on the day after the shooting that CW-1 was the shooter in the YouTube video. (*Id.*, at 8-9).

In the Premises Warrant, the application again relied extensively on the CSLI records to make its probable cause showing to obtain electronic devices expected to be found in Mr. Zhang's home. (ECF Doc. 89, Ex. B, at ¶¶ 28-30 ("Cell site location data indicates that the ZHANG phone connected to cell towers in Queens, New York in the hours before and after the murder," in the vicinity of the crime scene; and also relying on CSLI corroborating Zhang's travel out-of-state the next day "to hide").

The exclusionary rule generally subjects "[e]vidence obtained from an unlawful search or seizure ... to exclusion" as fruit of the poisonous tree. *Mosby v. Senkowski,* 470 F.3d 515, 520 (2d Cir. 2006). "The exclusionary prohibition extends as well to the indirect as the direct products of such invasions." *Wong Sun,* 371 U.S. at 484. A court should inquire whether, "granting [the] establishment of the primary illegality, the evidence ... has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Id.* at 488 (internal quotation marks omitted). This inquiry "does not hinge on a simple 'but for' analysis, but rather, 'must be answered on the facts of each case.'" *United States v. Thompson,* 35 F.3d 100, 105 (2d Cir. 1994) (quoting *Brown v. Illinois,* 422 U.S. 590, 603 (1975)). "The relevant constitutional question is 'whether the connection between the lawless conduct of the police and the discovery of the challenged evidence has become so attenuated as to dissipate the taint.'" *Mosby,* 470 F.3d at 520 (quoting *United States v. Ceccolini,* 435 U.S. 268, 273-74 (1978)). "The government bears the burden of proving that the taint has been alleviated." *United States v. Oguns,* 921 F.2d 442, 447 (2d Cir. 1990).

As to the illegality of the subsequent searches due to *Wong Sun* taint, Mr. Zhang seeks a "taint hearing," for the Court to determine whether the evidence obtained from these subsequent warrants were gained from the "exploitation of illegal government conduct," or by sufficiently different or distinguishable means so as to be "purged," of any initial illegality. *Brown v. Illinois,* 422 U.S. at 597-99 (1975); *Wong Sun,* 371 U.S. at 487-88. The government has the burden to prove that the taint has been substantially alleviated at such a hearing. *Oguns, supra,* 921 F.2d at 447. We respectfully submit that the taint of the initial illegal search infects the subsequent warrants because the government never corrected its initial intentional omissions related to the ▮▮▮▮▮▮ omissions (and the fact that they subsequently presented ▮▮▮▮▮▮ to the grand jury to testify about his recollection of CW-1's confessing to committing the shooting, and intentionally omitting its reliance on ▮▮▮▮▮▮'s testimony in the subsequent affidavits in support of additional search warrants). Moreover, and critically, the government then laundered the

fruits of its initial illegal search by including the CSLI data as corroborating and "independent" evidence of probable cause to prove Mr. Zhang's involvement in the alleged crime.

This Court should respectfully decline the government's ironic eleventh-hour invitation to withdraw use of its illegally collected evidence and rule that the government violated Mr. Zhang's Fourth Amendment rights in its intentionally misleading application in support of the May 3, 2021 CSLI Warrant. The Court should also grant Mr. Zhang's motion to suppress evidence in the subsequent warrants as "fruit" of the initial illegal law enforcement activity. Alternatively, the Court should grant a taint hearing to determine whether the government can meet its burden to show that the initial taint "has become so attenuated" to avoid further sanctions. *Mosby,* 470 F.3d at 520.

Lastly, we note that these extended (and apparently pointless based on the government's decision today to not use certain evidence) proceedings on the eve of trial have created substantial hardship on Mr. Zhang's counsel's ability to simultaneously prepare for trial, especially in a case where the government only produced its Section 3500 material of its four main cooperating witnesses on September 1, 2023. In addition to voluminous proffer notes and memoranda, this material included thousands of jail calls, in which, at least in part (and not insignificant part), the CWs speak about their cooperation, make statements about the defendants, and identify specific instances in which these witnesses have received promises of benefits from the government. The latter group of these witness statements should have been produced as *Brady/Giglio* material at a time reasonably in advance of trial, which would have allowed counsel with limited resources the time to actually review them completely and use the materials during cross-examination. *See United States v. Rodriguez,* 496 F.3d 221, 226 (2d Cir. 2007) (to determine due process violations, the Court should should consider the time of the government's *Brady/Giglio* evidence and whether the defendants had a "reasonable opportunity either to use the evidence in the trial or use the information to obtain evidence for use in the trial"); *see also Luka v. Portuondo,* 257 F.3d 89, 101 (2d Cir. 2001) (noting "when disclosure is first made on the eve of trial, or when trial us under way, the opportunity to use it may be impaired").

In any event, the defense persists.

Respectfully submitted,

/S/HEM
Henry E. Mazurek
Jason I. Ser
*Counsel for Defendant Zhe Zhang*

125 Park Avenue, 7th Floor, New York, NY 10017  |  Phone (212) 655-3500  |  Fax (212) 655-3535  |  meisterseelig.com